**RUBINSTEIN, DISBARMENT OF, In re**
(Two cases)

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 18125, 18126. Decided Feb 17, 1941

M. J. Monahan, Cleveland, for appellant Rubenstein.

Charles Auerbach, Cleveland; J. B. Dolphin, Cleveland, and George Brown, for appellees, Bar Committee.

## OPINION

By SKEEL, J.

This cause is an appeal from an order of the Court of Common Pleas, striking from the files a motion for a new trial filed by the appellant within three days from the court's decision but after the decision of the Court had been spread upon the journal.

The original action was one in disbarment. The Court of Common Pleas, upon full hearing, found that the allegations and charges contained in Specifications 1 and 2 were true and thereupon, on February 11, 1939, entered on the journal of the Court an order of complete disbarment. As a part of the order of disbarment the Court included an entry overruling a motion for new trial.

It is admitted that no motion for new trial had, at that time, been filed. On February 13, 1939, two days after the order of disbarment was entered on the court's journal, the appellant filed a written motion for new trial. On the same day, the respondent filed his motion for new trial, he also filed notice of appeal upon law and upon law and fact.

After respondent perfected his appeal, he filed in this Court (on November 25, 1939) a motion requesting that the cause be remanded to the Court of Common Pleas upon the ground that the motion for new trial filed February 13, 1939, had not been ruled on and therefore there was no final order from which an appeal could be taken. This motion was heard by this Court on November 27, 1939, and overruled. Whereupon, the appeal was heard upon its merits and the order of disbarment sustained on December 8, 1939.

On August 24, 1940, the respondent filed a motion in the Common Pleas Court, asking the Court to rule on the motion for new trial filed February 13, 1939. On October 3, 1940, the Court found that the motion for new trial had been overruled and a final order entered and therefore found against the respondent on his motion filed August 24, 1940, asking for a ruling on said motion for new trial, and entered an

order striking the said motion for a new trial from the files. It is this order from which this appeal has been taken.

An action in disbarment is a special proceeding. There is no statute or rule of law which requires that a motion for new trial be filed as a prerequisite to an appeal on errors of law from an order of disbarment. It therefore follows that the finding of the court, when entered upon its journal, becomes a final order.

In this respect the circumstances here present are different than would be true if it were a case at law where the verdict of the jury or the finding of the court cannot be made a final order until the expiration of three days which is allowed for the filing of the motion for new trial.

We conclude, therefore, that the order in the case at bar which had been placed upon the journal of the Court of Common Pleas on February 11, 1939, was, for all purposes, a final order upon which an appeal upon law, but not law and fact, could be taken and the filing of the subsequent motion for new trial in no wise affected such final order.

Whether or not the filing of the motion would toll the time for filing notice of appeal is not important in this case, because the respondent, on February 13, 1939, well within the twenty day limit from the date of the final order, gave notice of appeal as required by law and therefore perfected and tried said appeal on its merits.

The filing of such appeal unquestionably constituted a waiver of any right the respondent may have had for a hearing on the motion for new trial filed February 13, 1939. **Liberty Savings & Loan Co. v Frankel Realty Co., 137 Oh St 489.**

· There is one other question of law that stands as a bar to the relief prayed for by the respondent on this appeal. The question is as to whether the relief requested by the respondent at this time is or is not in fact the same that respondent presented to this Court by his motion filed November 25, 1939. The sole basis of the motion before us at this time is founded upon the alleged failure of the Common Pleas Court to rule upon the motion for new trial filed February 13, 1939. This was exactly the same question that was raised by respondent in his motion of November 25, 1939. Therefore, if it were not for the fact that the Respondent had already waived the right to a ruling on said motion for new trial, the Court would be compelled to find that the matter is now res adjudicata.

LIEGHLEY, PJ. & MORGAN, J., concur.